STAGG, MATHER & HOUGH, demandante y apelante, *v.* SOL LUIS DESCARTES, SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y apelado.

Número 10792.

*Sometido:* 1 de junio de 1955. *Resuelto:* 12 de diciembre de 1955.

*Brown, Newsom & Córdova*, abogados de la apelante; *J. B.*

*Fernández Badillo, Secretario de Justicia Interino* y *Manuel J. Medina Aymat, Procurador Auxiliar,* abogados del apelado.

SENTENCIA

San Juan, Puerto Rico, a 12 de diciembre de 1955

Examinados los autos y estudiadas las cuestiones planteadas por la apelante en su alegato, el Tribunal es de opinión que debe confirmar, como por la presente confirma, la sentencia apelada dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, en el caso del epígrafe, con fecha 30 de junio de 1952.

Así lo pronunció y manda el Tribunal y firma el Sr. Juez Presidente. El Juez Asociado Sr. Pérez Pimentel disintió y el Juez Asociado Sr. Sifre no intervino.

A. C. SNYDER,<br>
<em>Juez Presidente.</em>

Certifico:

IGNACIO RIVERA,<br>
<em>Secretario.</em>

Opinión del Juez Asociado Sr. Marrero en la cual concurre el Juez Presidente Sr. Snyder.

En la demanda radicada ante el antiguo Tribunal de Contribuciones, la demandante Stagg, Mather & Hough alega esencialmente que es una sociedad (*partnership*) profesional constituída en Nueva York, con oficina principal en dicho estado y con sucursales en la Habana, Cuba, y San Juan, Puerto Rico; que durante los años 1942 a 1947, ambos inclusives, ella hizo negocios en Puerto Rico, siendo Morris B. Manwaring su único socio residente y no siendo los demás socios, residentes ni ciudadanos de Puerto Rico; que en 23 de agosto de 1949 el demandado, en su carácter de Tesorero de Puerto Rico (hoy día Secretario de Hacienda) le envió una notificación de deficiencia y dentro del término fijado por la ley ella presentó una moción de reconsideración y vista administrativa que fué declarada sin lugar, ascendiendo las

deficiencias notificádasle a $17,298.15; que tales deficiencias no representan contribuciones de ella, sino contribuciones que el demandado pretende ella retuviera en el origen, calculadas a los tipos fijados por la ley para personas no residentes no ciudadanas de Puerto Rico, incluyendo aun las ganancias distribuídas al socio residente Manwaring;[1] que en cada uno de los años contributivos 1942 a 1947 los ingresos de la sociedad (en Puerto Rico) fueron menos del veinte por ciento de los ingresos brutos de todas las fuentes; que las deficiencias notificadas, en cuanto se basan en una pretendida obligación de la demandante de retener y pagar al demandado las contribuciones sobre las participaciones de los socios no residentes en los beneficios de la sociedad derivados de fuentes en Puerto Rico, son erróneas e ilegales, porque de acuerdo con las disposiciones de la sec. 19 (a) (2) de la Ley de Contribuciones Sobre Ingresos, según fué enmendada en 1941, cuando menos del veinte por ciento de los ingresos brutos de la sociedad (*partnership*) se han derivado de fuentes en Puerto Rico, la entidad que los distribuye no tiene obligación de retener contribución alguna sobre los beneficios pagados a los socios no residentes; que en cada uno de los años 1942 a 1947, la demandante ha pagado la contribución impuesta a sociedades sobre sus ganancias netas; que bajo las leyes del estado de Nueva York la demandante no es una entidad legal y nuestra Asamblea Legislativa carece de facultades para cambiar la naturaleza de la sociedad demandante y para convertirla en tal entidad; que todas las contribuciones que se impusieron y se cobraron a la demandante en los años mencionados son de hecho y de derecho contribuciones sobre ingresos y beneficios no de la sociedad misma sino de los socios individuales; que las contribuciones así impuestas constituyen una doble tributación, siendo asimismo confiscatorias e ilegales; y que además el cobro de contribuciones a ciuda-

---

[1] De los autos se desprende que el Secretario de Hacienda admitió que la demandante no venía obligada a retener cantidad alguna por concepto de las contribuciones de Manwaring.

danos no residentes a un tipo más alto que el fijado para socios residentes viola las disposiciones de la Sección 2 de la Ley Orgánica de Puerto Rico, según fué enmendada por la Ley del Congreso de 5 de agosto de 1947. (²)

El demandado contestó aceptando ciertos hechos, negando otros y alegando afirmativamente que la demandante es una sociedad profesional doméstica y que sus ingresos provienen en su totalidad de fuentes radicadas en Puerto Rico; que las contribuciones que pretende cobrar debieron retenerse en el origen por la demandante, por pagos hechos por ella a ciudadanos extranjeros no residentes en Puerto Rico; que los ingresos de la demandante provienen íntegramente de fuentes radicadas en Puerto Rico y por tanto las distribuciones que de sus beneficios se hicieron a personas extranjeras no residentes están sujetas al pago de contribución en el origen; que aquí se trata de una sociedad profesional doméstica que recibe el 100% de sus ingresos de fuentes radicadas en Puerto Rico; y que la demandante está impedida de considerarse como una sociedad extranjera, ya que consistentemente al rendir sus declaraciones de ingresos ella misma se ha considerado como una sociedad doméstica, habiéndose beneficiado por tal motivo de los tipos vigentes para las sociedades domésticas.

Trabada así la contienda fué el pleito a juicio, aduciendo las partes prueba testifical y documental. El antiguo Tribunal de Contribuciones, por voz de su Juez Asociado Sr. Santana Becerra, emitió una extensa y razonada opinión en la cual figuran las siguientes conclusiones de hechos:

---

(²) En *Postley* v. *Secretario de Hacienda*, 75 D.P.R. 874, este Tribunal resolvió que "las secciones 12, 13, 18 y 19 de la Ley de Contribuciones Sobre Ingresos, en tanto en cuanto imponen contribución a ciudadanos de los Estados Unidos no residentes que son ciudadanos de un estado de la unión, a un tipo más alto que el impuesto a los ciudadanos de los Estados Unidos residentes y concede exenciones personales y créditos por dependientes a residentes que no les concede a los no residentes, infringen la cláusula de privilegio e inmunidades del artículo 2 de la Carta Orgánica y son nulas en lo que respecta a su aplicación a ingresos recibidos o devengados después del 5 de agosto de 1947."

"(1) El primero de julio de 1937 nueve individuos incluyendo a Morris B. Manwaring, este último residente de Santurce, Puerto Rico, *organizaron una sociedad profesional* en el Estado de Nueva York bajo el nombre de Stagg, Mather & Hough para dedicarse a prestar servicios profesionales como contadores públicos y contralores en y fuera de los Estados Unidos. Acordaron entre otras cosas, la participación que cada uno de ellos debía aportar al capital de la sociedad, la compensación anual como sueldo a ser recibida por los copartícipes así como la forma de repartirse los beneficios. Esta sociedad funcionó hasta el 1ro. de julio de 1943 en que se admitieron otros socios y continuó operando con algunas enmiendas en su contrato social durante todos los años aquí envueltos.

"(2) La sociedad realizó actividades en Puerto Rico en el período de 1942 a 1947 y los ingresos brutos obtenidos por ella en sus actividades en Puerto Rico fueron menos del 20% de sus ingresos brutos totales según dichos ingresos brutos totales se informaran a los efectos de la contribución federal sobre ingresos. En 1942 ese por ciento fué de 12.95%; en 1943 de 13.12; de 14.48 en 1944; de 13.84 en 1945; de 12.04 en 1946 y de 12.32% en 1947.

"(3) Durante los años en controversia las actividades de la sociedad en Puerto Rico fueron atendidas o atendidas y realizadas por el socio Morris B. Manwaring permanentemente aquí destacado, quien firmaba como socio regular las declaraciones de ingreso que la sociedad presentó en Puerto Rico. Dichas declaraciones de ingreso se radicaron en los blancos preparados para declaraciones de sociedades. Aparece presentándolas como contribuyente Stagg, Mather & Hough con oficina principal en 'Bank of Nova Scotia', San Juan, Puerto Rico. . . .

"(4) . . . . . . . . . . .

"(5) Durante los años en controversia la oficina de San Juan pagó compensaciones por servicios prestados por personas no residentes no ciudadanos de Puerto Rico. Sobre tales compensaciones que fueron deducidas como gastos al computarse el ingreso neto local, la oficina de San Juan satisfizo oportunamente la contribución retenida en el origen. Estas contribuciones retenidas en el origen por tales conceptos y que recayeron sobre otros contribuyentes no forman parte de las contribuciones que debieron retenerse y que son objeto de la controversia en este caso.

"(6) Los gastos en que incurría la oficina que representaba a la sociedad en Puerto Rico, incluyendo los sueldos del socio Manwaring no eran afrontados directamente por la sociedad en Nueva York, sino que la oficina de Puerto Rico determinaba con independencia de la oficina principal y de las otras sucursales el *beneficio neto* de sus actividades en esta Isla, después de deducir los gastos de operación y otros gastos locales deducibles directamente del ingreso bruto localmente obtenido.

"(7) El ingreso neto de Stagg, Mather & Hough obtenido en Puerto Rico y por el cual pagó contribución sobre ingresos en esta Isla fué de $266 en 1942; $11,120.24 en 1943; $15,510.67 en 1944; $14,944.19 en 1945; $12,811.63 en 1946 y $5,138.08 en 1947. La diferencia entre esas cantidades y las contribuciones de ingresos localmente pagadas por la sociedad representa la cantidad que el Tesorero consideró el beneficio repartible a los socios y que utilizó de base para imponer las deficiencias en estos años."

En sus conclusiones de derecho manifestó dicho tribunal que la teoría de la demandante es que tratándose de una sociedad organizada fuera de Puerto Rico que hace negocios en esta isla y fuera de ella, y ascendiendo sus ingresos brutos (en Puerto Rico) durante los años en controversia a menos del veinte por ciento de sus ingresos derivados de todas sus actividades, sus socios no residentes no vienen obligados a pagar contribución alguna, a tenor de lo dispuesto por la sec. 19 de la Ley de Contribuciones Sobre Ingresos, y por tanto no hay obligación de retener en el origen contribución alguna sobre dichos beneficios. Continuó manifestando que la teoría del demandado es que se trata de una sociedad doméstica que obtuvo el 100% de sus ingresos brutos dentro de la isla y que, en su consecuencia, cualquier cantidad que se pague a socios no residentes no ciudadanos de Puerto Rico como participación en los beneficios de la sociedad está sujeta a tributación, debiéndose retener la contribución en el origen. Indicó además el tribunal sentenciador que a base de la prueba que ante sí tenía no podía convenir con el demandado en que Stagg, Mather & Hough era una sociedad doméstica

y que no anticipaba juicio en cuanto a si era o no una de las entidades similares que contempla el estatuto contributivo; que como en el pleito que tenía ante su consideración no era menester determinar si la demandante debió haber pagado contribución como sociedad al tipo fijado por la sec. 28 (*a*) de la Ley ([3]) y no al tipo menor fijado para las sociedades domésticas, era innecesario resolver si ella estaba o no impedida (*estopped*) legal o equitativamente de presentarse ahora como una sociedad extranjera; que la propia demandante al pagar contribución al Tesorero de Puerto Rico sobre los beneficios netos obtenidos de sus actividades locales aceptó que la totalidad de dichos beneficios netos procedían de fuentes de la isla; y que este es un caso claro de ingreso tributable derivado de fuentes dentro de Puerto Rico, siendo imperativa la retención en el origen en cuanto a los beneficios de los socios no residentes; que "la sección 19 (*a*) (2) de la Ley no era a su juicio aplicable" y que "ya se considere a la demandante como una sociedad doméstica . . . o ya se le considere como cualquier otra cosa, tenemos ante nos un ingreso neto derivado totalmente de Puerto Rico y aquí determinado, o sea, un caso típico de retención en el origen de la contribución sobre la parte de ese ingreso neto que habría de ir a manos de no residentes no ciudadanos de Puerto Rico." Tras esas consideraciones, dicho tribunal dictó sentencia sosteniendo las determinaciones del Tesorero, las que, sin embargo, debían ser reajustadas para eliminar del ingreso neto tributable a los socios la participación de Manwaring, aquí residente.

La demandante apeló. Sostiene en su alegato que el Tribunal de Contribuciones erró al resolver que (1) (*a*) ella

---

([3]) La sec. 28 (*a*) de la Ley, según fué enmendada por la Ley núm. 88 de 8 de mayo de 1945, (pág. 313), dispone que:

"Se impondrá, cobrará, y pagará por cada año contributivo sobre el ingreso neto de toda corporación o sociedad, una contribución normal del veintidós (22) por ciento del montante del ingreso neto que exceda del crédito provisto en la Sección 34 (*a*); excepto que las corporaciones y sociedades domésticas pagarán una contribución normal del veinte (20) por ciento. . . ."

no es una "sociedad" bajo la sec. 2(3) de la Ley de Contribuciones Sobre Ingresos; (1)(b) dicha ley no incluye sociedades que no son personas jurídicas; (2) las disposiciones de la sec. 19(a)(2) de la Ley de Contribuciones Sobre Ingresos no son aplicables a los beneficios recibidos por los socios no residentes de la demandante; (3) al presumir que una sociedad o corporación extranjera adquiere personalidad jurídica en virtud de ser admitida a hacer negocios en Puerto Rico; (4) al hacer caso omiso de la prueba documental y oral no contradicha de que el Tesorero de Puerto Rico en 1944 había notificado y tasado deficiencias a la demandante respecto a los años 1936, 1937 y 1938, expresamente fundado en el hecho de que la demandante era una sociedad extranjera; y (5) que la decisión y sentencia apeladas privan a la demandante de la protección igual de las leyes y del debido procedimiento de ley garantizados por la Constitución de los Estados Unidos y la Ley Orgánica de Puerto Rico, vigente en la fecha en que se dictó la sentencia.

Como se ha visto, la contención fundamental de la demandante es que no está obligada a retener contribución alguna en el origen, porque (a) ella es sucursal de un *partnership* organizado en Nueva York y porque (b) más del 20% del total de sus ingresos no ha sido derivado de fuentes radicadas en Puerto Rico. Se funda para ello en las disposiciones de la sec. 19 de la Ley de Contribuciones Sobre Ingresos (núm. 74 de 6 de agosto de 1925, pág. 401), según fué enmendada por la Ley núm. 31 de 12 de abril de 1941, (págs. 479, 509), preceptiva en lo esencial de que:

"(a) En el caso de un individuo no residente que no sea ciudadano de Puerto Rico las siguientes cantidades de ingreso bruto serán consideradas como ingreso derivado de fuentes radicadas dentro de Puerto Rico.

"(1) . . .

"(2) *La cantidad recibida como beneficio de sociedades* o como dividendos de una corporación doméstica u otra entidad que no sea incorporada, *cuando más del 20% de sus ingresos*

*brutos se han derivado de fuentes radicadas en Puerto Rico según se determina a virtud de las disposiciones de esta sección ..."*. (Bastardillas nuestras.)

La sociedad es definida por nuestro Código Civil como "un contrato por el cual dos o más personas se obligan a poner en común, dinero, bienes o industria, con ánimo de partir entre sí las ganancias." Art. 1556 del Código Civil, ed. de 1930. El art. 1558 del mismo cuerpo legal dispone, además, que: "La sociedad civil se podrá constituir en cualquier forma, salvo que se aportaren a ella bienes inmuebles o derechos reales, en cuyo caso será necesaria la escritura pública." Véase *Colón* v. *Roig*, 7 D.P.R. 38. El Código de Comercio no define específicamente la sociedad, pero dispone en su art. 95 que "el contrato de compañía, por el cual dos o más personas se obligan a poner en fondo común, bienes, industria o alguna de estas cosas, para obtener lucro, será mercantil, cualquiera que fuese su clase, siempre que se haya constituído con arreglo a las disposiciones de este Código. Una vez constituída la compañía mercantil, tendrá personalidad jurídica en todos sus actos y contratos"; en su art. 96 que "el contrato de compañía mercantil celebrado con los requisitos esenciales del derecho, será válido y obligatorio entre los que lo celebren, cualesquiera que sean la forma, condiciones y combinaciones lícitas y honestas con que lo constituyan, siempre que estén autorizados por este Código, o por leyes especiales"; y en su art. 98 que toda compañía de comercio se constituirá por escritura pública y se inscribirá en el registro mercantil. Aquí no estamos, sin embargo, ante una compañía o sociedad mercantil. Estamos más bien ante una sociedad civil.

De acuerdo con la sec. 2(a)(3) de la Ley de Contribuciones Sobre Ingresos, según fué enmendada por la Ley núm. 31 de 1941, supra:

"El término 'sociedad' incluirá las sociedades civiles, mercantiles, industriales, agrícolas, *profesionales* o de cualquier otra índole, conste o no, su constitución en escritura pública o documento privado e incluirá, además, cuando dos o más per-

sonas bajo un nombre común o no se dediquen a una empresa común (*joint ventures*), con fines de lucro." (Bastardillas nuestras.)

Según la sec. 2 (*a*) (4) de la misma Ley:

"El término 'doméstica' cuando se aplique a corporaciones o sociedades significará las creadas u organizadas en Puerto Rico, de acuerdo con las Leyes de Puerto Rico."

Y según la sec. 2 (*a*) (5) :

"El término 'extranjera' cuando se aplique a corporaciones o a sociedades significará todas aquéllas que no sean domésticas."

Es innegable que la demandante constituía una sociedad, tanto bajo el Código Civil como bajo la Ley de Contribuciones Sobre Ingresos, dedicada al ejercicio de la contabilidad en Puerto Rico. Como cuestión de hecho, la demandante rindió planillas como sociedad y pagó una contribución como tal, según lo exige nuestra Ley de Contribuciones Sobre Ingresos.

No me es posible convenir, sin embargo, en que ella es una sociedad extranjera. Ya he indicado que ". ... la palabra *partnership* no se usa en nuestra Ley de Contribuciones Sobre Ingresos en el mismo sentido en que se usa en el derecho común. Es una traducción de la palabra 'sociedad' usada en derecho civil. Y una sociedad es una persona jurídica distinta de sus socios." *Ballester* v. *Tribunal de Apelación*, 61 D.P.R. 474, 494, citado con aprobación en *Tes.* v. *Tribl. Contribuciones y Comunidad Fajardo*, 70 D.P.R. 99, 106. Bajo tal definición, en la ciudad de Nueva York no existe una sociedad según la conocemos aquí. La demandante probó que una firma del mismo nombre, compuesta de las mismas personas, tiene su oficina principal en Nueva York, donde funciona como un *partnership* del derecho común y donde de acuerdo con la Ley Federal de Contribuciones Sobre Ingresos sólo tiene que rendir una planilla informativa y no paga contribución como tal *partnership*. Véase Little, *Federal Income Taxation of Partnerships*, ed. de 1952, sec. 2.1; 6 Mertens,

*Law of Federal Income Taxation*, secs. 35.01, 35.03 y 35.06. Esa entidad de Nueva York, que para fines contributivos no es una persona jurídica independientemente de sus socios, no es una sociedad bajo nuestra Ley de Contribuciones Sobre Ingresos. *Cf. Commissioner* v. *Tower*, 327 U.S. 280, 287–288; *Ballester* v. *Descartes*, 181 F.2d 823, 831. La demandante no resulta ser, por tanto, una sociedad extranjera que hace negocios en Puerto Rico, tal cual esa clase de sociedades ha sido definida en el art. 2 (*a*) (3) (4) y (5) de nuestra Ley.

Vemos, pues, que aunque la demandante es una sociedad, ella no es una sociedad extranjera. Por consiguiente, para nuestros fines sus gestiones como tal *sociedad* se limitan a la isla de Puerto Rico. Como tal sociedad, el 100% de sus ingresos se derivaron de fuentes radicadas en Puerto Rico. Como consecuencia de ello y a tenor de lo dispuesto por el art. 19 (*a*) (2) de la Ley de Contribuciones Sobre Ingresos, supra, la demandante estaba obligada a retener la contribución sobre los beneficios distribuídos por ella a sus socios no residentes. ([4])

El tribunal a quo no resolvió ciertamente que la demandante era una sociedad, según el término es definido por la sec. 2 (*a*) (3) de la Ley de Contribuciones Sobre Ingresos, en ello erró, pero su conclusión final es correcta y las apelaciones se dan contra la sentencia que se dicta y no contra los razonamientos de la opinión en que aquélla se funda. Si se equivocó o no al resolver que una corporación o "joint stock company" extranjera adquiere personalidad jurídica al ser

---

([4]) La sec. 22 de la Ley de Contribuciones Sobre Ingresos dispone en lo pertinente:

"Sección 22 (*a*).—Toda persona, cualquiera que sea la capacidad en que actúe, incluyendo... toda corporación y sociedad que tenga el control, recibo, custodia, disposición o pago de intereses... rentas, sueldos, salarios, comisiones, premios, anualidades, compensaciones, remuneraciones, emolumentos y otras ganancias, dividendos, participación en beneficio de sociedades y corporaciones,. y otros beneficios o ingesos anuales o periódicos, fijos o determinables de cualquier individuo no residente que no sea ciudadano de Puerto Rico... deberá deducir y retener de dichas ganancias, dividendos, beneficios e ingresos anuales o periódicos, una contribución igual al veintinueve por ciento (29%) de los mismos. ..."

admitida a hacer negocios en Puerto Rico ello es cuestión que por ahora carece de importancia. Mas aun aceptando a los fines de la argumentación que se equivocara a ese respecto, semejante equivocación no daría lugar a la revocación de la sentencia en un caso como el presente.

Carece asimismo de importancia que el tribunal sentenciador hiciera caso omiso de la prueba oral y documental aducida al efecto de que en 1944 el Tesorero de Puerto Rico notificó y tasó deficiencias a la demandante para los años contributivos 1936 a 1938, fundado en que ésta era una sociedad extranjera. Si debido a un estudio ulterior de la cuestión, dicho funcionario creyó que la demandante era una sociedad doméstica, nada había que le impidiera que procediera contra ella como tal.

Siendo la demandante, como concluímos ahora, una sociedad civil doméstica y proviniendo todos sus ingresos de fuentes dentro de la isla de Puerto Rico, el exigirle que retenga en el origen el monto de la contribución que deben pagar sus miembros no residentes y no ciudadanos sobre los beneficios que de esa sociedad percibieron, no establece discrimen legal alguno ni priva a la demandante del debido proceso de ley.

En mi opinión la sentencia apelada debe ser confirmada.